ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **COMTEC PR, INC**<br>**ADALBERTO RIVERA**<br>**ROLÓN**<br><br>Recurridos<br><br>v.<br><br>**CARIBE CARE y OTROS**<br><br>Peticionarios | KLCE202400136 | **CERTIORARI**<br>procedente del<br>Tribunal de<br>Primera<br>Instancia, Sala<br>Superior de<br>**Humacao**<br><br>Civil Núm.:<br>**HU2023CV01239**<br><br>Sobre:<br>Cobro de Dinero -<br>Ordinario y otros |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de febrero de 2024.

Comparece ante nos el señor Edwin A. Avilés Pérez (señor Avilés Pérez o recurrente) y nos peticiona revisar una *Resolución* emitida el 14 de diciembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI).[1] En virtud del referido dictamen, el TPI declaró No Ha Lugar la solicitud del señor Avilés Pérez para desestimar la *Demanda* incoada por Comtec PR, Inc. y Adalberto Rivera Colón (parte recurrida).

Como cuestión de umbral, conforme con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B)(5), prescindiremos de la comparecencia de la parte recurrida, con el propósito de lograr su más justo y eficiente despacho.

---

[1] Apéndice de *Recurso de certiorari sobre asunto jurisdiccional*, Anejo 1, págs. 22-27. Archivada y notificada en autos el 15 de diciembre de 2023. El 2 de enero de 2023, el recurrido solicitó reconsideración, la cual el TPI declaró No Ha Lugar mediante una *Resolución* emitida y notificada el 3 de enero de 2024.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari.*

Veamos los hechos fácticos y procesales esenciales que sostienen nuestra determinación.

-I-

El caso de autos dimanó el 23 de agosto de 2023, cuando la parte recurrida instó una *Demanda* sobre incumplimiento de contrato, enriquecimiento ilícito, cobro de dinero y daños y perjuicios contra Caribe Care Corp., Marcos Pentol Ortiz, el señor Avilés Pérez por sí y en representación de la Sociedad Legal de Gananciales compuesta por este y Wanda I. Cruz Pacheco (en conjunto, parte demandada).[2] En esta, adujo que la parte demandada incumplió con su obligación contractual de pagar la suma de treinta mil dólares ($30,000.00) por la instalación de unas cámaras de seguridad en el establecimiento Cannabis Medicinal en Humacao.

Tras varios trámites procesales, el 16 de noviembre de 2023, el señor Avilés Pérez presentó una *Moción impugnando emplazamientos por edictos, solicitando su nulidad y urgente solicitud de desestimación por ser cosa juzgada y/o impedimento colateral por sentencia,* sin someterse a la jurisdicción del Tribunal.[3] Entre otros, el recurrente arguyó que el 12 de noviembre de 2021, la parte recurrida radicó una primera demanda, identificada como el caso civil núm. HU2021CV01239, sobre los mismos hechos y contra la misma parte demandada. Esgrimió que, el 28 de febrero de 2023, transcurrido más de un año y tres meses de la radicación de la demanda, la parte recurrida solicitó el desistimiento de la primera demanda, en incumplimiento con la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3 (C) por no haber diligenciado el emplazamiento de la parte

---

[2] *Íd.*, Anejo 6, págs. 42-45.
[3] *Íd.*, Anejo 7, págs. 46-52. El 17 de noviembre de 2023, el recurrido radicó una *Moción complementaria en relación a impugnando emplazamiento por edictos, solicitando su nulidad y urgente solicitud de desestimación por ser cosa juzgada y/o impedimento colateral por sentencia*, en la que esbozó los mismos planteamientos. Véase Anejo 9, págs. 54-57.

demandada. Sostuvo que, en igual fecha, el TPI emitió una *Sentencia* en la que declaró Ha Lugar el desistimiento voluntario. Por otra parte, expresó que el 7 de septiembre de 2022, la parte recurrida presentó una segunda demanda, identificada como el caso civil núm. HU2022CV01248, sobre los mismos hechos y contra la misma parte demandada. Además, expuso que el TPI desestimó la segunda demanda sin perjuicio mediante una *Sentencia* emitida el 9 de marzo de 2023 y notificada el 10 de marzo de 2023, por incumplimiento con la Regla 4.3 (c) de Procedimiento Civil, *supra*, R. 4.3 (c). Esto, al no diligenciar de forma correcta el emplazamiento del codemandado Pentol Ortiz, no presentar el emplazamiento de Caribe Care, Corp., ni emplazar a los restantes codemandados en el término provisto por la aludida regla. Por ello, el recurrente entendió que la tercera demanda constituyó cosa juzgada al radicarse por los mismos hechos y contra las mismas partes, por lo que peticionó desestimar la tercera demanda.

El 1 de diciembre de 2023, la parte recurrida se opuso a la solicitud de desestimación solicitada por el señor Avilés Pérez.[4] Entre otros, aseveró que la desestimación de la segunda demanda no constituyó una adjudicación en los méritos, dado que fue sin perjuicio, por lo que no aplicaba la doctrina de cosa juzgada.

El 5 de diciembre de 2023, el recurrente presentó una breve réplica a la oposición de la parte recurrida, reiterando que, aunque la segunda demanda se desestimó sin perjuicio, constituyó una adjudicación en los méritos por ser el segundo incumplimiento con los términos para emplazar, a tenor con la Regla 4.3 (c) de Procedimiento Civil, *supra*, R. 4.3 (c).[5]

Así las cosas, el 14 de diciembre de 2023, el TPI emitió una *Resolución* en la que se pronunció No Ha Lugar con respecto a la solicitud del señor Avilés Pérez de desestimar la tercera demanda por

---

[4] *Íd.*, Anejo 11, págs. 59-66.
[5] *Íd.*, Anejo 12, págs. 67-69.

no ser aplicable la doctrina de cosa juzgada ni del impedimento colateral por sentencia.[6] El Foro Primario estableció que no se cumplió con el requisito de la doctrina de cosa juzgada de haberse dictado una sentencia válida, final y firme, que adjudicó los hechos y resolvió la controversia en los méritos. El TPI precisó que al desistirse voluntariamente la primera demanda sin perjuicio y desestimarse la segunda demanda sin perjuicio, la parte recurrida tenía otra oportunidad para presentar una tercera demanda por los mismos hechos, las mismas partes, la misma controversia y peticionando un remedio análogo. Por tal motivo, el Foro recurrido determinó continuar con los procedimientos y celebrar un juicio en su fondo.

Insatisfecho, el 2 de enero de 2024, el recurrente solicitó reconsideración,[7] la cual el TPI declaró No Ha Lugar mediante *Órdenes* emitidas el 3 de enero de 2024.[8]

Inconforme con la determinación del Tribunal, el 1 de febrero de 2024, el señor Avilés Pérez compareció ante esta Curia y señaló que el TPI cometió los siguientes errores:

> **PRIMER SEÑALAMIENTO DE ERROR:** ERRÓ EL TPI AL NO APLICAR LA REGLA 4.3 (C) DE PROCEDIMIENTO CIVIL DE PUERTO RICO A LA TERCERA DEMANDA RADICADA BAJO LOS MISMOS HECHOS Y CONTRA LAS MISMAS PARTES Y ARROGARSE JURISDICCIÓN PARA ATENDER EL CASO, CUANDO NO LA TIENE.
>
> **SEGUNDO SEÑALAMIENTO DE ERROR:** ERRÓ EL TPI AL ABUSAR DE SU DISCRECIÓN JUDICIAL Y CON ELLO OLVIDARSE O RELEGAR LA APLICACIÓN DE LA LEY PERTINENTE A LA CUESTIÓN EN CONTROVERSIA.
>
> **TERCER SEÑALAMIENTO DE ERROR:** ERRÓ EL TPI AL SOMETER A LA PARTE RECURRENTE-CO-DEMANDA[DA] A LA JURISDICCIÓN DEL TRIBUNAL Y OBLIGARLO A CONTESTAR LA DEMANDA, CUANDO ESPECÍFICAMENTE EN CADA ESCRITO RADICADO HIZO LA SALVEDAD QUE NO SE SOMETÍA A LA JURISDICCIÓN DEL HONORABLE TRIBUNAL ANTE LOS PLANTEAMIENTOS JURISDICCIONALES REALIZADOS; Y ADEMÁS TAMPOCO SE HA OBTENIDO JURISDICCIÓN SOBRE LA PERSONA MEDIANTE EMPLAZAMIENTO CONFORME A DERECHO.

---

[6] *Íd.*, Anejo 1, págs. 22-27. Archivada y notificada en autos el 15 de diciembre de 2023.

[7] *Íd.*, Anejo 4, págs. 30-39; Anejo 5, págs. 40-41.

[8] *Íd.*, Anejo 2, pág. 28; Anejo 3, pág. 29. Archivada y notificada en autos el 3 de enero de 2024.

En vista de los señalamientos de error, expondremos la normativa jurídica concerniente a este recurso.

-II-

-A-

El auto de *certiorari* es un vehículo procesal extraordinario y discrecional que permite que un tribunal de mayor jerarquía revise determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR __ (2023); *McNeil Healthcare, LLC v. Mun. Las Piedras*, 206 DPR 391, 403 (2021); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). La característica principal de este recurso es la discrecionalidad que nos asiste para autorizar la expedición y adjudicar la controversia en sus méritos. *IG Builders et al. v. BBVAPR*, *supra*, pág. 338; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580, 596 (2011). El máximo foro judicial definió que la discrecionalidad es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964). Empero, nuestra discreción no es absoluta dado que no podemos abstraernos del Derecho, debido a que constituiría abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

Por otro lado, nuestra discrecionalidad no opera en el abstracto ni está ausente de otros parámetros. *Rivera et al. v. Arcos Dorados et al.*, *supra*; *800 Ponce de León v. AIG*, 205 DPR 163, 176 (2020); *IG Builders et al. v. BBVAPR*, *supra*, pág. 338; *Rivera Figueroa v. Joe´s European Shop*, *supra*. Pues, con el objetivo de que podamos ejercer sabiamente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, establece los criterios que debemos considerar al atender la solicitud

de expedición del auto de *certiorari*. En particular, dispone lo siguiente:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

Por otro lado, la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, regula las instancias en las que podemos revisar determinaciones interlocutorias del Tribunal de Primera Instancia. *Rivera et al. v. Arcos Dorados et al., supra*; *McNeil Healthcare, LLC v. Mun. Las Piedras, supra*, pág. 404; *IG Builders et al. v. BBVAPR, supra*, págs. 336-338. A saber:

> Todo procedimiento de apelación, *certiorari,* certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la Ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico. El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1.

De no estar presentes los criterios antes esbozados, corresponde abstenernos de expedir el auto de *certiorari*, de forma que se continúe con los procedimientos en el tribunal de instancia.

-B-

El emplazamiento es un mecanismo procesal civil mediante el cual se le notifica a una parte demandada sobre la existencia de una acción judicial presentada en su contra. *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp., y otros*, 2024 TSPR 10, 213 DPR __ (2024); *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019); *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 869 (2015); *Rivera v. Jaume*, 157 DPR 562, 575 (2002). Por virtud del emplazamiento se adquiere jurisdicción sobre la persona de la parte demandante, de forma que dicha parte queda obligada por el dictamen del tribunal. *Íd.* Así, el tribunal le garantiza a la parte demandada su derecho a ser oída y defenderse, si así lo desea. *Rivera v. Jaume, supra.* Por el emplazamiento responder al imperativo constitucional del debido proceso de ley, la parte demandante debe cumplir estrictamente con los requisitos para el emplazamiento. *Sánchez Rivera v. Malavé Rivera, supra.*

La Regla 4 de Procedimiento Civil, *supra*, R. 4, rige lo concerniente al emplazamiento. En tal sentido, en la Regla 4.3 (c) de Procedimiento Civil, *supra*, R. 4.3 (c), se dispone lo atinente al término para diligenciar el emplazamiento y las consecuencias de no hacerlo dentro del plazo establecido. *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp., y otros, supra.* A saber:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. **Transcurrido dicho término sin que se**

**haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.** Regla 4.3 (c) de Procedimiento Civil, *supra*, R. 4.3 (c) (Énfasis nuestro).

En atención a ello, recientemente, el Tribunal Supremo de Puerto Rico estableció que, una vez transcurra el término de ciento veinte días (120) a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento, sin que la parte demandante lo haya diligenciado, el tribunal de instancia está obligado a desestimar la demanda automáticamente, sin concesión de prórroga alguna. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 648-651 (2018). Véase *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 388 (2021). Pues, el tribunal no puede avalar que una parte demandante se resguarda mediante el desistimiento voluntario en un pleito original para que, ante un nuevo incumplimiento con la Regla 4.3 (c), la acción se desestime sin perjuicio. *Íd.* Ahora bien, el máximo foro judicial estableció:

> No obstante, enfatizamos que eso no significa que desde el momento en que no se emplazó la acción se desestima por sí sola, ya que es claro que es indispensable la intervención judicial así dictaminándolo. Dicho de otro modo, la desestimación y el archivo sin perjuicio contenidos en la regla antes aludida exige necesariamente que el foro judicial en cuestión emita la correspondiente sentencia con esa finalidad.
>
> **En consecuencia, <u>hoy pautamos</u> sin ambages que ante un primer incumplimiento con el término de 120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar <u>prontamente</u> una sentencia decretando la desestimación y el archivo sin perjuicio de la reclamación judicial. Dado que, cronológicamente, ocurrió primero el incumplimiento con la Regla 4.3(c) de Procedimiento Civil, <u>supra</u>, corresponde poner en vigor los efectos de esta y decretar la desestimación sin perjuicio, en lugar de dar por desistido el asunto.** *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp., y otros, supra.*

Es decir, la desestimación por incumplimiento con la Regla 4.3 (c) de Procedimiento Civil, *supra*, R. 4.3 (c) no opera automáticamente

dado que en aras de fomentar la economía procesal y la eficiente administración de la justicia, "en el ejercicio de su sana discreción y previo a dictar sentencia desestimando y ordenando el archivo sin perjuicio, los tribunales deben realizar aquellas gestiones conducentes a cerciorarse de si, en efecto, el emplazamiento fue o no diligenciado dentro del término en cuestión". *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp., y otros, supra.*

-C-

La doctrina de cosa juzgada continúa vigente en nuestro ordenamiento civil por virtud de la jurisprudencia. Esta doctrina promueve el interés del Estado de brindar certeza a las partes al ponerle finalidad a los dictámenes judiciales y de proteger a los ciudadanos de tener que someterse a los rigores de los procedimientos judiciales. *P.R. Wire Prod. v. C. Crespo & Asoc.*, 175 DPR 139, 151 (2008); *Parrilla v. Rodríguez*, 163 DPR 263, 268 (2004), *Pérez v. Bauzá*, 87 DPR 220, 226 (1961). No obstante, su aplicación no es inflexible, con el fin de evitar derrotar los fines de la justicia. *Íd.*; R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho procesal civil*, 6ta ed., San Juan, Lexisnexis de Puerto Rico, Inc., 2017, págs. 3-4. Primero, se exige que el asunto se resuelva mediante una sentencia válida, final y firme. *Fonseca et al. v. Hosp. HIMA*, 184 DPR 281, 300 (2012); *SLG Szendry-Ramos v. Consejo Titulares*, 184 DPR 133, 155 (2011). Segundo, es necesario que concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron. *Íd.*; *P.R. Wire Prod. v. C. Crespo & Asoc.*, *supra*, en las págs. 151-152.

Esbozada la normativa jurídica atinente a este recurso, procedemos a resolver.

-III-

En el caso de epígrafe, el señor Avilés Pérez planteó que el TPI incidió en cometer tres (3) errores. Por estar intrínsicamente

imbricados, los discutiremos en conjunto. En síntesis, el recurrido estableció que el Foro Primario erró al no aplicar la Regla 4.3 (c) de Procedimiento Civil, *supra*, R. 4.3 (c) y declararse con jurisdicción para atender la tercera demanda en sus méritos.

Luego de una ponderada evaluación de la petición de *certiorari*, y a la luz de los criterios esbozados en la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1 y en la Regla 40 del Reglamento de este Tribunal, *supra*, R. 40, resolvemos que debemos abstenernos de intervenir con la decisión del TPI en declarar No Ha Lugar a la moción de desestimación presentada por el señor Avilés Pérez por el fundamento de cosa juzgada. No atisbamos que la disposición recurrida sea contraria a derecho o que el TPI haya actuado con abuso de discreción, prejuicio, parcialidad o error claro y manifiesto.

La desestimación con prejuicio provista por la Regla 4.3 (c) de Procedimiento Civil, *supra*, R. 4.3 (c) aplica cuando se desestima una segunda acción por incumplimiento con el término de ciento veinte (120) días para diligenciar el emplazamiento. No obstante, ello no ocurrió en este caso. En la primera acción, el TPI aceptó el desistimiento voluntario sin perjuicio y en la segunda acción, el Foro Primerio desestimó la *Demanda* sin perjuicio, por la ausencia de emplazamiento oportuno. La desestimación de la segunda demanda constituyó la primera ocasión en que el TPI desestimó y archivó la acción por incumplimiento con la Regla 4.3 (c) de Procedimiento Civil, *supra*, R. 4.3 (c). Así las cosas, la parte recurrida tenía derecho a descansar en la validez de lo determinado por el TPI. Hasta que se resolvió *Ross Valedón y otro v. Hospital Dr. Susoni, supra,* la parte recurrida no tenía razón para considerar que la *Sentencia* por desistimiento en la primera acción tendría el efecto de una desestimación por la ausencia de emplazamiento. La nueva norma establecida en *Ross Valedón* no afectó a la parte recurrida que, al

presentar una tercera acción, descansó en el anterior estado de derecho.

Por todo lo anterior, no percibimos como irrazonable la conclusión del TPI en que la parte recurrida podía presentar esta tercera acción por los mismos hechos, la misma controversia y contra las mismas partes que las primeras dos (2) demandas. Por ello, procedemos a denegar la expedición del auto de *certiorari*.

-IV-

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones