Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| ATENAS BAKERY, CORP. **Apelante** v. AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS **Apelados** | KLAN202400946 | Apelación procedente del Tribunal de Primera Instancia, Sala de Arecibo Sobre: Incumplimiento de Contrato Caso Núm.: MT2024CV00315 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de diciembre de 2024.

La parte apelante, Atenas Bakery Corp., comparece ante nos para que dejemos sin efecto la *Sentencia* emitida el 4 de septiembre de 2024 y notificada el 5 de septiembre de 2024 por el Tribunal de Primera Instancia, Sala de Arecibo. Mediante la misma, el foro primario declaró *Ha Lugar* una moción de desestimación presentada por la aquí apelada, la Autoridad de Acueductos y Alcantarillados (AAA).

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

**I**

El 15 de abril de 2024, la parte apelante presentó la demanda de epígrafe. En la misma, solicitó el pago de daños por pérdida de ganancias y gastos, por concepto de incumplimiento de contrato y negligencia por la AAA. Alegó que, el 2 de mayo de 2023, la AAA le suspendió los servicios de agua. Sostuvo que dicha suspensión fue llevada a cabo injustificadamente, provocando daños, lo cual adujo afectó drásticamente sus operaciones por un periodo de siete (7) días. Ahora bien, la parte apelante admitió que, el 4 de mayo de

Número Identificador

SEN2024 _____

2023, presentó un recurso de *injunction* o interdicto preliminar ante el Tribunal de Primera Instancia, Sala Superior de Arecibo (Caso Núm. AR2023CV00797), solicitando al foro primario que ordenara a la AAA a reinstalarle el servicio de agua. Además, solicitó el pago de la cantidad de $5,000.00 por concepto de gastos, costas y honorarios.[1]

En la demanda de epígrafe, la apelante reclamó el pago de $63,100.00 por gastos incurridos en el suministro de agua potable, pérdida de ingresos, y pago de empleados, como consecuencia de la suspensión del servicio.

Así las cosas, el 29 de mayo de 2024, la AAA presentó una *Moción de Desestimación.* En síntesis, peticionó que se desestimara la demanda en su contra, al amparo de la doctrina de cosa juzgada, en su modalidad de fraccionamiento de causa de acción. Planteó que el presente pleito trataba de las mismas partes, hechos y alegaciones que fueron objeto del Caso Núm. AR2023CV00797. Además, sostuvo que no existía impedimento alguno para que, en el pleito anterior, la parte apelante reclamara los daños que pretendía reclamar en la demanda de epígrafe.

El 20 de junio de 2024, la parte apelante presentó su *Oposición a Moción de Desestimación.* En el pliego, expuso que los remedios solicitados en cada pleito eran distintos. En específico, sostuvo que en la demanda anterior solicitó la reinstalación del servicio de agua, y que no hubo reclamo alguno por concepto de daños. Argumentó que la aplicación de la doctrina de cosa juzgada no procedía de forma inflexible y automática, ya que derrotaría los propósitos de la justicia y consideraciones del orden público.

---

[1] Véase: *Atenas Bakery Corp. v. AAA,* Caso Núm. AR2023CV00797. El 10 de mayo de 2023, este pleito fue resuelto mediante *Sentencia por Estipulación.* En esta, el foro primario aprobó el acuerdo transaccional que ambas partes sometieron, mediante moción conjunta, el 9 de mayo de 2023.

Luego de ciertos trámites, el 4 de septiembre de 2024, el Tribunal de Primera Instancia emitió la *Sentencia* aquí apelada. En la misma, acogió los argumentos expuestos por la AAA y, en consecuencia, declaró *Ha Lugar* la desestimación. En su pronunciamiento, el foro primario dispuso que, era de aplicación la doctrina de cosa juzgada en su modalidad de fraccionamiento de causa. Al examinar el caso previo entre las partes, determinó que se cumplían los requisitos de la referida doctrina al haber identidad de cosas, causas, partes y la calidad que lo fueron con el presente caso. Además, destacó que la parte apelante había esbozado prácticamente las mismas alegaciones que en el pleito anterior. Por tanto, el foro primario desestimó la causa de acción.

Inconforme, el 21 de octubre de 2024, la parte apelante compareció ante nos mediante el presente recurso de apelación. En el mismo formula el siguiente señalamiento:

> Erró el Honorable Tribunal de Primera Instancia en la apreciación de la doctrina de cosa juzgada en los casos *Pérez v. Bauzá,* 83 DPR 220, 225 (1961); *Fonseca, et als. v. Hospital Hima,* 184 DPR 281 (2012); PR Wire *Prod. v. C. Crespo & Assoc.,* 175 DPR 139 (2008) *Presidential Financial v. Transcaribe Freight.,* 186 DPR 263 (2012), *Parrilla v. Rodríguez,* 163 DPR 263 (2004), *SLG Szendrey Ramos v. Consejo de Titulares,* 184 DPR 133, 153 (2011) y *Rodríguez Rodríguez v. Colberg Comas,* 131 DPR 212 (1992).

Luego de examinar el expediente de autos, y con la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

**II**

El estado de derecho actual reconoce que la doctrina de cosa juzgada es una muy provechosa y necesaria para la sana administración de la justicia. *Fonseca et al. v. Hosp. HIMA,* 184 DPR 281, 294 (2012). A través de su aplicación, el ordenamiento jurídico cumple una dualidad de propósitos; mientras garantiza el interés del Estado de velar porque los litigios culminen definitivamente, de forma tal que se propenda a la certidumbre y seguridad de los

derechos declarados por vía judicial, también procura evitar en los ciudadanos las molestias que implica litigar nuevamente una misma causa. *Presidential v. Transcaribe*, 186 DPR 263, 274 (2012); *P.R. Wire Prod. v. C. Crespo & Assoc.,* 175 DPR 139, 151 (2008); *Parrilla v. Rodríguez*, 163 DPR 263, 268 (2004). Así, la referida norma ciertamente versa sobre "lo ya resuelto por fallo firme de un Juez o Tribunal competente y lleva en sí la firmeza de su irrevocabilidad". J.M. Manresa, *Comentarios al Código Civil Español*, 6ta Ed., Madrid, ED. Reus, 1967, T. VIII, Vol. 2, pág. 278.

Un litigante resulta airoso al levantar la defensa de cosa juzgada, siempre que acredite la más idónea concurrencia entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. *Rodríguez Ocasio v. ACAA*, 197 DPR 852, 862 (2017). Respecto a la exigencia de *identidad entre las cosas*, la doctrina interpretativa de la norma reconoce que la misma alude a que se promueva un segundo pleito, cuya esencia versa sobre el mismo asunto del cual se dispuso en uno anterior. Siendo así, el criterio medular a examinarse para determinar si, en efecto, tal aspecto está presente, es el bien jurídico cuya protección o concesión se solicita, ello a la luz de los planteamientos que se generan en torno al mismo. En este contexto, merece especial atención el hecho de si el segundo pronunciamiento judicial, contradice el derecho afirmado en la decisión anterior. *Presidential v. Transcaribe*, supra, pág. 274; *Rodríguez v. Colberg*, 131 DPR 212, 219-220 (1989); *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753, 764 (1981).

En cuanto al requisito de *identidad de causas*, ésta se logra establecer cuando se demuestra que tanto en el primer pleito, como en aquel en el que se levanta la defensa de cosa juzgada, los hechos y fundamentos de las respectivas peticiones son idénticos respecto a la cuestión planteada. *Presidential v. Transcaribe*, supra, pág.

275. De este modo, la causa resulta ser el motivo principal de pedir, por lo que, para efectos de la aplicación de la *res judicata,* se refiere al origen de las acciones o excepciones planteadas y resueltas; y no a los medios de prueba ni a los fundamentos legales en los que las partes descansan sus argumentos. *Id.*; *Rodríguez v. Colberg*, supra, pág. 219; *Beníquez et al v. Vargas et al,* 184 DPR 281, 223 (2012). "Al determinar si existe identidad de causas de acción, debemos preguntarnos si ambas reclamaciones se basan en la misma transacción o núcleo de hechos". *Presidential v. Transcaribe,* supra, pág. 275; *Martínez Díaz v. E.L.A.,* 182 DPR 580, 586 (2011).

Por último, relativo al requisito de la *identidad de partes*, la norma ha sido enfática en que el mismo se cumple en cuanto a aquellos que intervienen en el proceso de que trate, a nombre y en interés propio. Lo anterior necesariamente implica que las partes involucradas en ambos procedimientos sean las mismas o se hayan en relación mutua con otra. *Presidential v. Transcaribe*, supra, pág. 276.

En lo pertinente al presente caso, nuestro Tribunal Supremo ha establecido que el fraccionamiento de causa de acción es una de las modalidades de la doctrina de cosa juzgada. Esta aplica a toda reclamación posterior presentada entre las mismas partes y sobre el mismo asunto. En específico, la referida modalidad será de aplicación cuando un demandante tenga varias reclamaciones que surgen de un mismo evento y contra un mismo demandado, pero sólo presenta una de ellas en el primer pleito, y luego pretende presentar las otras en un pleito posterior. *Presidential v. Transcaribe*, supra, págs. 277-278. Es decir, aplica cuando en el pleito posterior se reclama lo que se pudo reclamar en el primero, pero no se hizo. *Id.*, pág. 278.

El propósito de la referida modalidad de la doctrina de cosa juzgada es promover la resolución final de las controversias judiciales, y evitar las molestias continuas que ocasiona a una parte la presentación sucesiva de pleitos relacionados al mismo asunto. *S.L.G. Szendrey-Ramos v. Consejo Titulares*, 184 DPR 133, 156 (2011). Por tanto, esta defensa solo se aplicará a reclamaciones que pudieron ser recobradas en la primera acción. *Presidential v. Transcaribe,* supra, pág. 278.

**III**

En la presente causa, la parte apelante sostiene que erró el Tribunal de Primera Instancia al desestimar la causa de acción por ella promovida en contra de la AAA. Plantea que el foro recurrido incidió en la aplicación de la doctrina de cosa juzgada para sostener su determinación. No obstante, coincidimos con lo resuelto por el foro primario. Toda vez que, en virtud de un pleito anterior e independiente al de epígrafe, los derechos y obligaciones de la parte apelante y la AAA quedaron dispuestos, el foro primario estaba impedido de adjudicar una cuestión ya resuelta por otro tribunal competente. Nos explicamos.

Al examinar el expediente del caso ante nuestra consideración, es forzoso concluir que existe perfecta identidad entre los requisitos que exige la aplicación de la doctrina de cosa juzgada. En primer lugar, es evidente que existe identidad entre las cosas, ya que el segundo pleito versa sobre el mismo asunto del cual se dispuso en el pleito anterior. En específico, ambos asuntos versan sobre la suspensión del servicio de agua de la parte apelante, y los gastos incurridos por esta como consecuencia de dicha suspensión.

Segundo, con una mera observación de los epígrafes de ambos pleitos, podemos concluir que también se cumple con el requisito de identidad de partes. A saber, ambas demandas fueron radicadas por

la aquí apelante, en calidad de parte demandante, y la AAA compareció, en calidad de parte demandada.

Tercero, destacamos que, entre ambas causas, convergen las reclamaciones promovidas y las alegaciones en las que las mismas se fundaron. Es decir, se cumple con el requisito de identidad de causas, ya que la causa que resulta ser el motivo principal de ambas reclamaciones es la misma, la suspensión del servicio de agua a la parte apelante por la AAA. Además, las alegaciones por la parte apelante en el segundo pleito son prácticamente las mismas que en el primero. Si bien la parte apelante alega que, contrario al pleito ante nos, no reclamó daños en la demanda anterior, destacamos que esta solicitó al foro primario que ordenara a la AAA a pagar $5,000.00 por concepto de gastos, costas y honorarios.

A su vez, es menester que resaltemos que, los alegados daños que reclama en el pleito de autos ocurrieron en un periodo de siete (7) días, transcurridos desde el 2 de mayo de 2023 hasta el 9 de mayo de 2023. Es decir, al momento en que la parte apelante y la AAA solicitaron la desestimación del pleito anterior, mediante moción conjunta emitida el 9 de mayo de 2023, la apelante tenía pleno conocimiento de los daños que reclama en la demanda de epígrafe. Así, la parte apelante pudo haber reclamado, en el pleito anterior, los daños que pretende reclamar en el recurso ante nuestra consideración.

Siendo el pleito de epígrafe uno sobre el mismo asunto y entre las mismas partes que el anterior, coincidimos con el foro primario en que, en efecto, a tenor con las disposiciones de la doctrina de la cosa juzgada en su modalidad de fraccionamiento de causa, el dictamen emitido en el Caso Núm. AR2023CV00797, promovido por la parte apelante en contra de la AAA, es concluyente en el pleito de autos. No cabe duda que la parte apelante pretende reclamar, en un pleito posterior, una cuantía por concepto de daños que surge

del mismo evento, y contra el mismo demandado, en el cual estuvo basado el pleito adjudicado el 10 de mayo de 2023. Decidir lo contrario, promovería la presentación sucesiva de pleitos relacionados al mismo asunto.

Por tanto, tal y como concluyó el Tribunal de Primera Instancia, ante la aplicabilidad de la doctrina de cosa juzgada, procedía la desestimación de la demanda de epígrafe.

**IV**

Por los fundamentos que anteceden, se confirma la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones