EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José Enrique Parrilla Hernández<br><br>Peticionario-Recurrente<br><br>v.<br><br>Miguel Rodríguez Morales y Otros<br><br>Peticionario-Recurrido | Certiorari<br><br>2004 TSPR 173<br><br>163 DPR ____ |

Número del Caso: CC-2004-4

Fecha: 12 de noviembre de 2004

Tribunal de Circuito de Apelaciones:

        Circuito Regional VII Carolina-Fajardo

Juez Ponente:

        Hon. Zaida Hernández Torres

Abogada de la Parte Peticionaria:

        Lcda. Norma I. Concepción Peña

Abogada de la Parte Recurrida:

        Lcda. Karla S. Mellado Delgado

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

TRIBUNAL SUPREMO DE PUERTO RICO

José Enrique Parrilla Hernández

    Peticionario-Recurrente

    v.                            CC-2004-4

Miguel Rodríguez Morales y Otros

    Peticionario-recurrido

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 12 de noviembre de 2004

> *[N]o podemos frustrar la justicia en nombre de reglas que se originaron con el propósito de facilitar su Administración.*[1]

Conforme a las particularidades de los hechos en el caso de autos, debemos resolver si la doctrina de cosa juzgada impide que se presente una reclamación que fue anteriormente interpuesta por un adulto en representación de un menor, y la cual fue desestimada por diligenciamiento tardío del emplazamiento.

---

[1] Millán Soto v. Caribe Motors Corp., 83 D.P.R. 494, 508 (1961). (Itálicas nuestras).

I

A principios del 2002, el Sr. José E. Parrilla Hernández presentó ante el Tribunal de Primera Instancia una demanda sobre daños y perjuicios contra el Sr. Miguel A. Rodríguez Morales, su esposa y la sociedad legal de gananciales, Borden Food Corporation y otros (en adelante conjuntamente Borden Food y otros). Alegó que en julio de 1997, mientras aún era menor de edad, fue impactado por un vehículo de motor conducido por el señor Rodríguez Morales; que al momento del accidente, Rodríguez Morales realizaba gestiones oficiales para su patrono Borden Food Corporation; y que como resultado del impacto, al entonces menor de edad Parrilla Hernández, se le diagnosticaran múltiples traumas en el cuerpo, heridas en el rostro, rotura de nariz y heridas en la espalda y codos. Sostuvo, además, que fue sometido a dolorosos y rigurosos tratamientos médicos por varios días y que su rostro quedó mutilado y/o desfigurado en el área de la nariz, por lo que todavía seguía sometido a tratamiento médico y necesitaba intervenciones quirúrgicas adicionales.

En su contestación a la demanda, Borden y otros interpusieron la defensa de cosa juzgada. Posteriormente, tras varios trámites procesales, solicitaron la desestimación de la demanda. Sostuvieron que para julio de 1998, la Sra. Katherine Hernández López, madre del entonces menor Parilla Hernández, por sí y en representación de su

hijo menor de edad presentó una demanda sobre daños y perjuicios ante el Tribunal de Primera Instancia contra las mismas partes aquí demandadas. En cuanto a esta reclamación previa, expresaron, asimismo, que el emplazamiento dirigido a Borden Food Corporation fue diligenciado fuera del término de seis (6) meses provisto en la Regla 4.3(b) de Procedimiento Civil,[2] y que el dirigido al señor Rodríguez Morales nunca fue diligenciado, por lo que el foro de instancia emitió sentencia mediante la que desestimó la demanda con perjuicio.

En su réplica a la moción de desestimación presentada por Borden y otros, el señor Parrilla Hernández arguyó que, conforme a Márquez v. Tribunal Superior, 85 D.P.R. 559 (1962),[3] los términos prescriptivos no transcurren mientras el perjudicado es menor de edad, y que al haber sido presentada la primera causa de acción que interpuso su madre en su representación mientras él era un menor, el

---

[2] 32 L.P.R.A. Ap. III, R. 4.3. Esta regla dispone en la parte aquí pertinente que:

> El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término solo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio.

[3] Por consideraciones de justicia, este caso resolvió que los términos prescriptivos no transcurren hasta que el menor de edad o la persona incapacitada haya advenido a su completa capacidad jurídica.

término de seis (6) meses dispuesto para el diligenciamiento del emplazamiento no pudo haber afectado su derecho a interponer una causa de acción en nombre propio como adulto. Parrilla Hernández argumentó que sería distinto si la "desestimación ocurrida en el pleito anterior hubiese sido por falta de mérito o por alguna otra teoría en derecho que nada tuviera que ver con los términos".

Luego de varios trámites procesales, el Tribunal de Primera Instancia declaró sin lugar la solicitud de desestimación de Borden y otros. Oportunamente, éstos acudieron ante el Tribunal de Apelaciones, el cual revocó el dictamen del foro de instancia al resolver que al caso de autos le aplica la doctrina de cosa juzgada.

Inconforme, el señor Parrilla Hernández acudió ante nos mediante solicitud de *certiorari*. Vista su petición, expedimos el auto solicitado. El caso quedó sometido con la comparecencia de ambas partes. Resolvemos.

II

El Art. 1204 del Código Civil dispone la presunción de cosa juzgada. 31 L.P.R.A. sec. 3343. En la parte aquí pertinente, provee para que la misma surta efecto cuando:

> [E]ntre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. *Id.*

"Por cosa juzgada se entiende lo ya resuelto por fallo firme de un Juez o Tribunal competente, y lleva en sí la firmeza de su irrevocabilidad." J. M. Manresa, *Comentarios al Código Civil Español*, 6ta. ed. rev., Madrid, Ed. Reus, 1967, T. VIII, Vol. 2, pág. 278. Su propósito es impartirle finalidad a los dictámenes judiciales de manera que las resoluciones contenidas en los mismos concedan certidumbre y certeza a las partes en litigio. Worlwide Food Dis., Inc. v. Colón *et al.*, 133 D.P.R. 827 (1993); Pagán Hernández v. U.P.R., 107 D.P.R. 720 (1978). De esa manera se evita que tanto el sistema de administración de justicia como las partes incurran en gastos innecesarios. *Id*.

Esta doctrina está sostenida por intereses procesales importantes para nuestro sistema de administración de justicia. De una parte, el Estado busca ponerle fin a las controversias judiciales de forma tal que no se "eternicen" los litigios. De otra parte, se pretende proteger a los ciudadanos de las molestias e inconvenientes que conlleva litigar las mismas causas de acción que fueron o pudieron ser adjudicadas en la primera reclamación. Pérez v. Bauzá, 83 D.P.R. 220 (1961); Pagán Hernández v. U.P.R., *supra*.

En su utilización como mecanismo de defensa, la doctrina de cosa juzgada tiene precisamente el efecto de evitar que se litiguen nuevamente asuntos que fueron o que pudieron haber sido litigados y adjudicados en el pleito anterior. Worlwide Food Dis., Inc. v. Colón *et al.*, *supra*;

*además*, Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. 212 (1992); A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. 753 (1981); Pagán Hernández v. U.P.R., *supra*. Sin embargo, la doctrina de cosa juzgada no impide que se interponga un nuevo pleito en el que, en primera instancia, se dilucide la extensión como cosa juzgada del dictamen en el pleito anterior sobre el subsiguiente, siempre con la salvedad de que en ese segundo litigio no se examinará la sabiduría y corrección del primer pleito sino la configuración de la doctrina. Manresa, *supra*. *Id*., a las págs. 278-279.

A esos efectos, Manresa expresa que:

Bajo tal aspecto, el fallo primitivo está sometido a la libre discusión, tanto más necesaria cuanto que envuelve la decisión absoluta con criterio cerrado del nuevo pleito, impidiendo, una vez que se estime aplicable la presunción de cosa juzgada, atribuir efectos a los demás fundamentos alegados en el nuevo litigio.

Es decir, en el subsiguiente pleito dentro del que se interpone dicha defensa, le corresponde al tribunal dirimir si efectivamente aplica la presunción de cosa juzgada. Al ejercer esta facultad, y en atención a que dicha doctrina está fundamentada "en consideraciones de orden público y de necesidad", hemos reiterado que "[l]a presunción de cosa juzgada tiene bien definidas excepciones en ley, y de orden equitativas". Pérez v. Bauzá, *supra*, a la pág. 225 y Figueroa v. Municipio de San Juan, 98 D.P.R. 534, 556 (1970). A la luz de ese pronunciamiento, este Tribunal ha

exceptuado la aplicación de esta doctrina en múltiples instancias para evitar una injusticia o en ocasión de atender un caso permeado de consideraciones de orden público. *Véase, por ejemplo*, Meléndez Soberal v. García Marrero, res. el 12 de septiembre de 2002, 2002 TSPR 119; Pagán Hernández v. U.P.R., *supra*; Figueroa v. Municipio de San Juan, *supra*; Feliciano Ruiz v. Alfonso Develop. Corp., 96 D.P.R. 108 (1968); Rodríguez v. Sucn. Pirazzi, 89 D.P.R. 506 (1963); Suárez Fuentes v. Tribunal Superior, 88 D.P.R. 136 (1963); Riera v. Pizá, 85 D.P.R. 268 (1962); Millán Soto v. Caribe Motors Corp., *supra*; Pérez v. Bauzá, *supra*; Viera v. Comisión Hípica, 81 D.P.R. 707 (1960); Tartak v. Tribunal de Distrito, 74 D.P.R. 862 (1953); Vidal v. Monagas, 66 D.P.R. 622. (1946).

Específicamente, y con mayor tangencia con las particularidades del caso de autos, en reclamaciones subsiguientes que involucran intereses de una parte que es menor de edad, este Tribunal ha declinado darle efectividad a la defensa de cosa juzgada a pesar de concurrir todos los requisitos para ello. Esto en reconocimiento de que no procede "aplicar de forma inflexible la doctrina de cosa juzgada cuando hacerlo derrotaría los fines de la justicia, especialmente si hay envueltas consideraciones de orden público". Pérez v. Bauzá, *supra*, a la pág. 226;[4] *además*,

---

[4] En este caso también reconocimos la exigencia de la doctrina de que el fallo en el primer pleito haya sido uno en los méritos. Ello no obstante, puntualizamos que existen

Banco de la Vivienda v. Carlo Ortiz, *supra*, a la pág. 739 (este tribunal ha rechazado la aplicación automática de la cosa juzgada; "especialmente la que surte como efecto de una desestimación por inactividad, entre otras, por la política judicial de que los casos se ventilen en sus méritos".)

Al respecto, en Pérez v. Bauzá, *supra*, un caso sobre filiación presentado por la madre de un menor de edad que fue previamente desestimado por defecto en el emplazamiento, declinamos aplicar la doctrina de cosa juzgada para evitar que se derroten los fines de la justicia. Resolvimos que a esta defensa no debe dársele aplicación inflexible. Expresamos, además, que:

> **Esto es particularmente cierto en los casos en que la sentencia anterior se opone a un menor de edad, que ordinariamente ha estado impedido de protegerse a sí mismo contra la conducta impropia o descuidada de su representante legal. Según se ha expresado, la doctrina descansa en el principio básico de que debe propiciarse la terminación de litigios, pero si la aplicación rigurosa de la misma derrotaría en la práctica un derecho permeado en alguna forma del interés público, los tribunales se inclinan hacia la solución que garantice cumplida justicia, en lugar de favorecer en forma rígida una ficción de ley que obedece fundamentalmente a un principio de conveniencia y orden procesal. En otras palabras, la regla no es absoluta y debe siempre**

ciertas circunstancias que por disposiciones de ley, a pesar de que el tribunal no dilucida la controversia en su fondo, el fallo constituye una adjudicación en los méritos como, por ejemplo, en caso de desestimación o desistimiento con perjuicio. A la pág. 225; *además*, Banco de la Vivienda de P.R. v. Carlo Ortiz, 130 D.P.R. 730 (1992); Díaz Maldonado v. Lacot, 123 D.P.R. 251 (1989); Purcell v. Tribunal Superior, 88 D.P.R. 10 (1963).

**considerarse conjuntamente con el saludable principio de que debe dispensarse justicia en cada caso**. (Citas omitidas y énfasis suplido). Pérez v. Bauzá, *supra*, a la pág. 226.

Asimismo, en otros casos en que estaban involucradas partes menores de edad, reiteramos estos pronunciamientos. *Véase*, Piñero Crespo v. Gordillo Gil, 122 D.P.R. 246 (1988); Millán Soto v. Caribe Motors Corp., *supra*; López Rivera v. Matos García, 101 D.P.R. 740 (1973); Rosario Garzot v. Tribunal Superior, 90 D.P.R. 359 (1964). Empero, valga aclarar, que aún en otros contextos en los que ninguna de las partes era menor de edad hemos limitado la aplicación de la doctrina, cuando así lo requirieron los fines de la justicia o consideraciones de orden público. *Véase*, *por ejemplo*, Mun. de San Juan v. Bosque Real S.E., res. el 4 de marzo de 2003, 2003 TSPR 31; Granados v. Rodríguez Estrada, 124 D.P.R. 1 (1989); Ramos González v. Félix Medina, 121 D.P.R. 312 (1988); Pagán Hernández v. U.P.R., *supra*; Figueroa v. Mun. de San Juan, *supra*; Millán Soto v. Caribe Motors Corp., *supra*.

En fin, este Tribunal no ha aplicado la doctrina de cosa juzgada de forma automática. A pesar de reconocer el valor de la misma para el adecuado tráfico jurídico de las causas individuales, en observancia con los fines de la justicia y en consideración al mejor interés público hemos intervenido para permitir que las partes ventilen sus reclamos en los méritos.

De otra parte, precisa que hagamos constar que no se favorece el reconocimiento y la aplicación liberal de excepciones a la doctrina de cosa juzgada ante el riesgo de que se afecte el carácter de finalidad de las controversias adjudicadas que tan necesario es para el buen funcionamiento del sistema judicial y el tráfico jurídico. *Véase*, Ramos González v. Félix Medina, supra, a la pág. 339. De lo contrario, estaríamos propiciando la "relitigación masiva de las controversias [judiciales resueltas]". *Id*.

Vista esta exposición del Derecho pertinente, veamos en concreto los hechos del caso de autos.

### III

Borden y otros sostienen que debe aplicarse la doctrina de cosa juzgada a la causa de acción por daños y perjuicios presentada por el señor Parrilla Hernández debido a que la misma acción fue interpuesta en su representación por la madre de éste cuando aún era menor de edad. Por su parte, el señor Parrilla Hernández alega que no se sostiene la doctrina en este caso porque los términos prescriptivos no transcurren en perjuicio de menores.[5]

No estamos de acuerdo con el argumento que trae ante nos Parrilla Hernández. Aunque ciertamente los términos prescriptivos no afectan a las partes mientras éstas son

---

[5] Ninguna de las partes disputa que estén presentes los requisitos que enumera el Art. 1204 del Código Civil, *supra*, para la aplicación de la doctrina.

menores de edad, el presente caso no versa sobre prescripción sino sobre inobservancia de los términos procesales dispuestos en las Reglas de Procedimiento Civil. La normativa pautada en Márquez v. Tribunal Superior, supra, a esos efectos no aplica en este caso pues los intereses y estatutos involucrados no son los mismos. De lo contrario, se estaría relevando a la parte menor de edad de términos esenciales para la tramitación ordenada del litigio. Así, no podría compelerse a que conteste la demanda en tiempo o responda a los requerimientos de descubrimiento de prueba puntualmente.

Ello no obstante, entendemos que estamos ante una de las circunstancias particulares que ameritan que nos apartemos excepcionalmente de la aplicación de la doctrina de cosa juzgada. A este caso aplican, de igual forma, los fundamentos enunciados en otras instancias en que denegamos darle efectividad a dicha doctrina para evitar que asuntos procesales no atendidos diligentemente por el representante de un menor soslayen reclamaciones sustantivas de éstos en pleitos subsiguientes.

La sentencia que se alega constituye cosa juzgada no fue una adjudicación de la reclamación de daños y perjuicios luego de que se aquilatara la prueba en sus méritos sino una desestimación que por mandato estatutario constituye una adjudicación final. El señor Parrilla Hernández, entonces menor de edad representado por su

madre, no tuvo la oportunidad "de protegerse a sí mismo contra la conducta impropia o descuidada de su representante legal" o tutor. *Véase*, Pérez v. Bauzá, *supra*, a la pág. 226. De aceptarse la aplicación de la doctrina, estaríamos penalizando a una persona que estuvo impedida de defender sus intereses por derecho propio y que, por la negligencia de otro, hasta la fecha sufre los daños causados.[6]

En el caso anterior, además, en cuanto a la molestia que se le pueda causar a Borden y otros por la litigación de la misma causa, la única actuación de su parte fue solicitar al tribunal que desestimase la reclamación del entonces menor de edad Parrilla Hernández por incumplimiento con el término dentro del cual debía diligenciarse el emplazamiento. No hubo descubrimiento de prueba ni mayores trámites procesales o comparecencias ante el tribunal. En relación con esto, no puede decirse que esta reclamación constituye una relitigación; que causa repetidos inconvenientes a Borden y otros; o que existe el riesgo de resultados contrarios entre el fallo judicial anterior y el que pueda recaer en este caso.

Debemos hacer constar que existen intereses importantes que se adelantan con la doctrina de cosa juzgada y que su vigencia es necesaria en nuestra

---

[6] Por haberse desestimado la reclamación mediante una moción de desestimación, tomamos como ciertos los hechos bien alegados en la demanda. Unisys v. Ramallo Brothers, 128 D.P.R. 842 (1991).

jurisdicción. <u>No obstante, limitamos la aplicación de la misma en el caso de autos para evitar una injusticia en vista de las circunstancias particulares presentes</u>. No avalamos la defensa de cosa juzgada en este caso debido a que la parte afectada por la desestimación en el pleito anterior fue un menor de edad; que estuvo representado por un adulto que no observó diligentemente los términos procesales dispuestos en las Reglas de Procedimiento Civil; que dicha desestimación no fue una adjudicación de los méritos de la reclamación; que no conllevó trámites procesales o comparecencias sustanciales ante el tribunal; que no existe el riesgo de dos (2) fallos contrarios; y que, hasta la fecha, se alega que los daños causados están presentes.

Reconocemos que existe un interés tanto individual como social en que los litigios tengan fin. No obstante, "no podemos frustrar la justicia en nombre de reglas procesales que se originaron con el propósito de facilitar su administración. Las máximas generales hay que atemperarlas a los hechos del caso". <u>Millán Soto v. Caribe Motors Corp.</u>, *supra*, a la pág. 508.

Por los fundamentos que preceden, se revoca la sentencia del Tribunal de Apelaciones y, por consiguiente, se reinstala la determinación del Tribunal de Primera Instancia a los efectos de que no aplica la doctrina de cosa juzgada a la controversia de autos. Se devuelve el

caso al foro de instancia para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Se dictará Sentencia de conformidad.


                              FEDERICO HERNÁNDEZ DENTON
                                  Juez Presidente

TRIBUNAL SUPREMO DE PUERTO RICO


José Enrique Parrilla Hernández

    Peticionario-Recurrente

    v.                                    CC-2004-4

Miguel Rodríguez Morales y Otros

    Peticionario-recurrido


SENTENCIA


San Juan, Puerto Rico, a 12 de noviembre de 2004


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se revoca la sentencia del Tribunal de Apelaciones y, por consiguiente, se reinstala la determinación del Tribunal de Primera Instancia a los efectos de que no aplica la doctrina de cosa juzgada a la controversia de autos. Se devuelve el caso al foro de instancia para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Rodríguez Rodríguez disiente sin opinión escrita. El Juez Asociado señor Rivera Pérez no intervino.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo