Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (X)

| MIGDALIA FORT Apelante v. ABZCO LLC, PRLP FE PROPERTIES LLC, ALEJANDRO BRITO ZUBIZARRETA, CARLOS LÁZARO CASTRO, JAN CARLOS VÁSQUEZ y BAE FE LLC Apelados | TA2025AP00117 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón Civil núm.: BY2025CV00280 Sobre: Cobro de Dinero, Incumplimiento de Contrato |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres

**Rivera Torres, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 10 de septiembre de 2025.

Comparece ante este tribunal apelativo, la Sra. Migdalia Fort (señora Fort o la apelante) mediante el recurso de apelación de epígrafe solicitándonos que revoquemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 17 de junio de 2025, notificada el mismo día. Mediante este dictamen, el foro primario desestimó la demanda instada por la apelante en contra del Lcdo. Carlos Lázaro Castro, el Sr. Alejandro P. Brito Zubizarreta, el Sr. Jan Carlos Vásquez y ABZCO, LLC, más le impuso a la apelante el pago de $15,000 en honorarios de abogado.

Por los fundamentos que expondremos a continuación, revocamos la determinación recurrida.

## I.

El 17 de enero de 2025, la señora Fort presentó una demanda sobre incumplimiento de contrato, retención ilegal de depósito,

representaciones fraudulentas, y daños y perjuicios en contra de ABZCO, LLC h/n/c Brito Development (ABZCO), PRLP FE Properties, LLC (PRLP), el Sr. Alejandro Brito Zubizarreta (señor Brito Zubizarreta), el Lcdo. Carlos Lázaro Castro (licenciado Lázaro Castro), el Sr. Jan Carlos Vásquez (señor Vásquez), y BAE FE, LLC (en conjunto, los apelados). En dicha demanda alegó que el 15 de marzo de 2019, la señora Fort visitó por primera vez la unidad 143 de Finca Elena/BelAir, y luego de expresar la urgencia de encontrar una propiedad en la que pudiera mudarse antes de mayo o junio de 2019, el señor Brito Zubizarreta y el señor Vásquez le indicaron que la unidad estaba aproximadamente a dos (2) meses de su culminación. Adujo que, contrario a lo que se le prometió, en el momento de hacer el acuerdo contractual para la compra de la unidad 143, los permisos de uso no fueron obtenidos hasta el 22 de noviembre de 2019 y la terminación de la propiedad se retrasó significativamente hasta el 30 de diciembre de 2019.

Indicó que, el 1 de abril de 2019, ella firmó el contrato para la compra de la unidad 143 por el precio de venta de $899,000. También opcionó esta propiedad con el depósito excesivo del diez (10) por ciento del precio de venta, lo que equivale a $89,900. A su entender, la parte vendedora, representada por ABZCO, propiedad del señor Brito Zubizarreta, incurrió en varias violaciones al contrato de compraventa firmado por las partes y preparado por la parte vendedora y su abogado, el licenciado Lázaro Castro.

Expuso, además, que se percató de que los apelados habían colocado una segunda pendiente plana a lo largo de todo el lado lateral de la propiedad, donde desde inicios del contrato se les había informado que ella quería expandir el área del garaje (es decir, una pérdida significativa de tierra lateral plana). No obstante, el 5 de junio de 2019, el señor Brito Zubizarreta le indicó que la segunda pendiente (talud) tenía que ser construida por seguridad, debido a

que la pendiente inicial era demasiado empinada y tenía un riesgo de colapso de la pared.

También arguyó que Brito Development no solo retrasó la tasación, sino que representó más cantidad de cuartos de los que la casa en realidad tenía para inflar artificialmente el precio de la propiedad. Añadió que, todas las violaciones del contrato inicial y los sucesivos contratos verbales fueron ejecutados mediante mentiras, fraude, faltas de respeto y conflicto de interés.

La apelante expuso que, en el momento en que esta y Medi-COOP solicitaron los estudios de ingeniería y la información relativa a la doble pendiente, ella recibió una carta certificada con fecha del 26 de noviembre de 2019 del señor Vásquez en la que le solicitaba que firmara un nuevo contrato para la venta de la propiedad porque, alegadamente, el "vendedor" había cambiado a BAE FE, LLC.

Especificó que, Medi-COOP no aprobó el préstamo hipotecario para la unidad 143 con precio de venta de $899,000, por múltiples razones atribuibles a la merma en sus ingresos y en especial, por los actos de los apelados. Así pues, el 27 de diciembre 2019, le solicitó a ABZCO que le reembolsara el depósito de $89,900 (10% del precio de venta), que estaba en la cuenta de plica del Banco Popular, dentro de cinco (5) días, al haberse denegado el préstamo. El 7 de enero de 2020, el licenciado Lázaro Castro le notificó la decisión de ABZCO de retener ilegalmente el monto del depósito. Hecho que provocó, tanto a ella como a su hija, angustia mental y gastos significativos como resultado de la retención ilegal de su dinero y la pérdida de su casa.

La apelante señaló que incluyó a BAE FE, LLC, compañía de responsabilidad limitada, propiedad del señor Brito Zubizarreta quien, a su vez, es el único propietario de ABZCO. Abundó que, en la Escritura número 2 del 14 de noviembre de 2019 otorgada ante el notario licenciado Lázaro Castro, BAE FE, LLC adquirió el lote

143, en el contrato uniforme de venta otorgado el 1 de abril de 2019, mediante el que PRLP se había obligado venderle la propiedad a la apelante. Por ello, se trae al pleito porque en la referida escritura se asigna y se asume por el comprador BAE FE, LLC, los derechos y obligaciones que tenía el vendedor PRLP.

A base de todo lo anterior, la señora Fort solicitó el resarcimiento en daños por $1,977,800 desglosados de la siguiente manera: (a) reembolso del monto del depósito de $89,900; (b) compensación por angustia mental como resultado del incumplimiento intencional del contrato por un monto igual de $89,900 (10% del precio de venta); (c) indemnización por incumplimiento de contrato por el total del valor de la pérdida de la propiedad de $899,000 (equivalente al precio de venta de la unidad 143); y (d) compensación por representaciones fraudulentas hechas por los apelados y al banco hipotecario, por un monto total de $899,000.00 (equivalente al precio de venta de la unidad). Así como la imposición costas, gastos y honorarios de abogado.

El 24 de abril de 2025, el licenciado Lázaro Castro, por sí y en representación de ABZCO y el señor Brito Zubizarreta radicaron una *Moción de Desestimación por Cosa Juzgada,* en la que solicitaron la desestimación de la demanda.[1] Adujeron que, este pleito, es la cuarta demanda en su contra basada en las mismas alegaciones. En lo aquí pertinente, expusieron que el 7 de octubre de 2024, luego de más de tres años de litigio y de un extenso descubrimiento de prueba, el TPI dictó una Sentencia Parcial en el caso núm. GB2020CV00510, mediante la cual desestimó la segunda demanda por falta de parte indispensable. Añadieron que, el 17 de enero de 2025, la señora Fort presentó la cuarta demanda de epígrafe donde alegó, esencialmente, lo mismo que reclamó en las anteriores y

---

[1] Véase, el Sistema Unificado de Manejo y Administración del Casos (SUMAC) del TPI, Entrada núm. 23.

solicitó los mismos remedios que surgen de un alegado incumplimiento de contrato de compraventa. Por lo que indicaron que, de una lectura de la segunda demanda y la del presente caso, revelan que son prácticamente idénticas. Expresaron que la única diferencia de sustancia, entre ambas, es que la apelante incluyó como otra parte a BAE FE, LLC. Por ello, al existir la más perfecta identidad de cosas, de causas, de los litigantes y de la calidad con que lo fueron, no cabe duda de que las determinaciones contenidas en la Sentencia Parcial constituyen cosa juzgada.

A su vez, estos explicaron que, acorde con lo determinado en la Sentencia Parcial dictada en el caso GB2020CV00510, constituyen determinaciones de hechos incontrovertibles que "BAE FE LLC… eran los nuevos vendedores de la propiedad 143, por lo que eran responsables de cumplir con los términos de la opción de compra"; "BAE FE LLC es una entidad propia que responde de manera independiente a sus miembros, protegiéndolos de demandas"; y "BAE FE LLC… adquirió la Propiedad 143 objeto de controversia y sustituyó al vendedor en el Contrato de Opción de Compra". Por lo que, esta es la entidad que responde por las alegaciones de la apelante.

Por último, estos solicitaron la imposición de honorarios de abogado fundamentado en que la presentación de este caso en su contra es frívola, pues ya el tribunal adjudicó el que (1) el responsable de cumplir el contrato era BAE FE LLC y (2) BAE FE LLC es una entidad independiente de sus accionistas, oficiales o miembros por lo que el velo corporativo los "protege de demandas". Por ello, expresaron que dicha determinación es cosa juzgada por lo que la señora Fort "sabe o debía saber que está impedida de relitigar el asunto mediante la presentación de este pleito".

El 12 de mayo de 2025, PRLP instó una *Moción Uniéndonos a Moción de Desestimación por Cosa Juzgada* (SUMAC Núm. 23).

El 15 de mayo posterior, la señora Fort incoó la oposición al referido petitorio desestimatorio.[2] En el escrito adujo que, respecto al pleito instado en el Tribunal Federal, caso 20-1082(FAB), mencionó que el dictamen establece que la desestimación de la reclamación es sin perjuicio con relación a que la reclamación está basada en estatutos y reclamaciones estatales.

Asimismo, arguyó que la Sentencia Parcial emitida en el caso GB2020CV00510 es clara a los efectos de que es sin perjuicio. Por lo que, "[a]l igual que el caso anterior parte requisito (*sic*) una sentencia final y firme que disponga del asunto y que impida litigar el mismo. La **desestimación sin perjuicio** implica que el caso empieza de nuevo, como si fuera un caso que no hubiese sido litigado antes".

De igual manera, expuso que el tercer caso citado, BYL12121021-01985, se trata de un caso llevado en el Tribunal Municipal de Guaynabo sobre *Petición de orden de protección para el Adulto Mayor* bajo la Ley núm. 121-2019. "La Resolución en el referido caso es declararse sin jurisdicción por tratarse de una controversia que debe tratarse con pleito ordinario que es lo que se persigue en el presente pleito. Tal determinación no es una sentencia que resuelva contra base de clase alguna, también de que se trata de dos causas acción completamente distintas falta identidad de causa de acción".

Por lo anterior, advirtió que "... no habiendo una sentencia final adjudicando los méritos de la misma controversia sin o (*sic*) sentencias sin perjuicio, no procede la aplicación de la doctrina de cosa juzgada como fundamento para desestimar la demanda".

De otro lado, argumentó que el señor Brito Zubizarreta es responsable en su carácter personal de todos los actos, omisiones o

---

[2] *Íd.*, Entrada núm. 30.

negligencias en que haya incurrido cualquiera de ABZCO y/o BAE FE, LLC. Esto, debido a que no existe una sociedad o compañía, que reúna lo requerido por el Código Civil de Puerto Rico, para que le ampare la protección que se le concede en su carácter personal a los miembros de una sociedad o compañía compuesta por más de un miembro.

Ese mismo día, 15 de mayo, el foro primario autorizó a PRLP a unirse a la moción desestimatoria presentada por el licenciado Lázaro Castro, por sí y en representación de ABZCO y por el señor Brito Zubizarreta.

Los apelados presentaron su respuesta a la antedicha oposición.

Así, y atendidos los escritos de las partes, el 17 de junio de 2025, notificada el mismo día, el TPI dictó la *Sentencia Parcial* apelada. En virtud de esta, el foro primario accedió a lo solicitado en la *Moción de Desestimación por Cosa Juzgada* presentada por los apelados. En consecuencia, desestimó la demanda instada por la apelante en contra del licenciado Lázaro Castro, el señor Brito Zubizarreta, el señor Vásquez y ABZCO.[3] Además, le impuso a esta el pago de $15,000 por honorarios de abogado. A su vez, el foro *a quo* razonó que:

> Luego de evaluar las alegaciones del caso GB2020CV00510 y las del caso de epígrafe es inevitable la conclusión de que lo resuelto en la Sentencia Parcial constituye cosa juzgada. Entre ambos casos existe la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. Incluso, el remedio solicitado en ambas reclamaciones es el mismo, $1,977,800.00 en daños. (cita omitida) Ante ello, concluimos que, de no aplicar la doctrina de cosa juzgada, este Tribunal tendría que pasar juicio sobre lo ya resuelto por otra sala del Tribunal de Primea Instancia, lo que potencialmente podría conllevar a determinaciones contradictorias o inconsistentes. Determinado que aplica la doctrina de cosa juzgada,

---

[3] Destacamos que en *Moción de Desestimación por Cosa Juzgada* utilizada por el TPI para su decisión no aparece como parte compareciente el Sr. Jan Carlos Vásquez. Más aún, en la súplica del petitorio se especifica que:
> POR TODO LO CUAL, Lcdo. Carlos Lázaro Castro, ABZCO LLC y Alejandro P. Brito Zubizarreta respetuosamente solicitan que el Honorable Tribunal desestime la demanda en cuanto a estos.

analicemos las alegaciones de la demandante a raíz de lo determinado en la Sentencia Parcial.

Según la discusión que antecede, los contratos solo obligan a las partes contratantes. Por tanto, son las partes contratantes las únicas responsables por el alegado incumplimiento de lo acordado. Sobre el particular, en la Sentencia Parcial el tribunal concluyó que, mediante la escritura pública Núm. 2, BAE FE LLC asumió el contrato de compraventa relacionado con la unidad 143 d Bel Air y que siendo "los nuevos vendedores de la propiedad 143... eran responsables de cumplir con los términos de la opción de compra". Ante la conclusión del Tribunal en la Sentencia Parcial, es inevitable la conclusión de que ABZCO, Brito, Lázaro, Vázquez y PRLP no responden por el alegado incumplimiento de un contrato pues no son parte de este. Según la Sentencia Parcial, la única obligada a la Dra. Fort en el contrato de compraventa, y que potencialmente le podría responder por algún incumplimiento es BAE FE LLC.

Además, la Dra. Fort entiende que las personas naturales (Brito, Lázaro y Vázquez [*sic*]) le responden por el alegado incumplimiento de contrato debido a que alegadamente estos son empleados, directores y/o accionistas de ABZCO y/o BAE FE LLC. No obstante, según la discusión que antecede, las CRL tienen personalidad jurídica propia independiente de sus empleados, accionistas y directores por lo que, por función de ley, las personas naturales no responden por el alegado incumplimiento de las entidades jurídicas demandadas.

La demandante, en torno al Sr. Brito también sostiene que le responde directamente porque entiende que algunas de las entidades corporativas demandadas son alter egos de éste. Sobre el particular, luego de una revisión minuciosa de la Demanda, no encontramos que la misma contengan hechos suficientes que de ser creídos por el Tribunal den lugar al descorrer el velo corporativo de BAE FE, LLC. Pero, aún si hubiese alegaciones que sostengan el descorrer el velo corporativo a algunas de las entidades, dicha solicitud es improcedente a la luz de la Sentencia Parcial. La Sentencia Parcial puso fin a la controversia sobre la personalidad jurídica de BAE FE LLC cuando concluyó que "BAE FE LLC es una entidad propia que responde de manera independiente a sus miembros, protegiéndolos de demandas". Ante la conclusión inequívoca de la Sentencia Parcial es improcedente las solicitudes de la Dra. Fort para descorrer el velo corporativo en miras de responsabilizar al Sr. Brito.

Luego de un análisis detenido de la Demanda y la Sentencia Parcial somos de opinión que la Dra. Fort no debió haber presentado la demanda de epígrafe contra ABZCO, Brito, Lázaro, Vázquez [*sic*] ni PRLP. La Sentencia Parcial es clara en cuanto a que [la] única persona que potencialmente podría ser responsable hacia la demandante es BAE FE LLC. Sin embargo, la demandante decidió ignorar lo resuelto en la Sentencia Parcial y el derecho aplicable para presentar un reclamo que conoce o debe conocer no se sostiene en los hechos ni en el derecho. Llama la atención que, a pesar del extenso descubrimiento de prueba que realizó la demandante en el caso GB2020CV00510, la demandante en muchas de las alegaciones las basó en generalidades y/o "información y creencia" que es incorrecta pues choca con lo concluido en la Sentencia

Parcial. Ante lo anterior, concluimos que procede la imposición de honorarios de abogado conforme a lo que proveen las Reglas 9.1 y 44.1(d) de las de Procedimiento Civil.

Es importante hacer constar que el foro apelado, en la nota al calce 5 de la *Sentencia Parcial,* expresó que "La única diferencia que el Tribunal ha podido discernir entre ambas reclamaciones [casos GB2020CV00510 y BY2025CV00280] es que, en el presente caso [BY2025CV00280], la Dra. Fort acumuló a un demandado adicional- BAE FE LLC."

Insatisfecha con el dictamen, la señora Fort acude ante esta *Curia* imputándole al foro primario la comisión de los siguientes errores:

A. PRIMER ERROR

COMETIÓ ERROR EL TPI AL APLICAR LA DOCTRINA DE COSA JUZGADA A UNA SENTENCIA DICTADA EN BASE A FALTA DE UNA PARTE INDISPENSABLE QUE POR DISPOSICIÓN DE LEY NO TIENE EL EFECTO DE UNA ADJUDICACION EN LOS MÉRITOS.

B. SEGUNDO ERROR

ERRÓ EL TPI AL RESOLVER EN SU SENTENCIA QUE LA [Ú]NICA DIFERENCIA QUE HEMOS PODIDO DISCERNIR ENTRE AMBAS DEMANDAS ES QUE EN EL PRESENTE CASO LA PARTE DEMANDADA ACUMULÓ A UN DEMANDADO ADICIONAL Y SIN MÁS ANÁLISIS DESESTIMAR LA CAUSA DE ACCIÓN TRAÍDA EN LA DEMANDA CUYA SENTENCIA ES OBJETO DEL PRESENTE RECURSO SOBRE LA RESPONSABILIDAD DE LAS PERSONAS NATURALES Y QUE HACE RESPONSABLE EN SU CARÁCTER AL PERSONAL ESPECÍFICAMENTE AL SEÑOR BRITO POR LAS ACTUACIONES DE LAS ABZCO LLC Y BAE FE LLC AUN CUANDO LA DEMANDA CLARAMENTE CONTIENE ALEGACIONES SUFICIENTES IMPUTANDO LA RESPONSABILIDAD PERSONAL DEL SEÑOR ALEJANDRO BRITO.

C. TERCER ERROR

ERRÓ EL TPI AL IMPONER Y CONDENAR A LA PARTE DEMANDADANTE-RECURRENTE AL PAGO DE $15,000.00 EN CONCEPTO DE HONORARIOS DE ABOGADO AL DETERMINAR QUE LA PARTE RECURRENTE FUE TEMERARIA POR RADICAR LA PRESENTE DEMANDA QUE MOTIVA LA SENTENCIA OBJETO DEL RECURSO DE AUTOS AÚN CUANDO EN EL CASO

GB2020CV00510, EN EL QUE SE EMITIÓ LA SENTENCIA DESESTIMANDO POR FALTA DE PARTE INDISPENSABLE, NO SE IMPUSIERON HONORARIOS DE ABOGADO Y ANTE LA ÚNICA ACTUACIÓN PROCESAL DE LA PARTE DEMANDADA RECURRIDA QUE FUE SOMETER LA MOCIÓN DE DESESTIMACIÓN EN EL CASO DE AUTOS.

El 15 de julio de 2025, emitimos una *Resolución* concediéndole a la parte apelada el término de treinta (30) días para presentar su alegato en oposición. El 12 de agosto, se cumplió con lo ordenado, por lo que nos damos por cumplidos y a su vez, decretamos perfeccionado al recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

## II.

**Doctrina de cosa juzgada y su modalidad de impedimento colateral por sentencia**

El Código Civil de 2020, Ley núm. 55-2020, 31 LPRA sec. 5311 *et seq.*, no contiene una disposición específica que contenga los postulados de la doctrina o excepción de cosa juzgada o *exceptio rei judicatae.*[4] Sin embargo, se mantiene en nuestro ordenamiento dicha doctrina de raigambre romana basada en el Artículo 1204 del Código Civil de 1930. *P.R. Wire Prod. v. C. Crespo & Assoc.,* 175 DPR 139 (2008).

El efecto de esta doctrina es que la sentencia decretada en un pleito anterior **impide** que en un pleito posterior se litiguen entre las mismas partes y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas, y **aquellas que pudieron haber sido litigadas y adjudicadas con propiedad en la acción previa.** *Méndez v. Fundación,* 165 DPR 253, 267 (2005); *Pagán Hernández v. U.P.R.,* 107 DPR 720, 732-733 (1978); *Mercado Riera v. Mercado Riera,* 100 DPR 940, 950 (1972).

---

[4] Refiérase al derogado Artículo 1204 del Código Civil de 1930, 31 LPRA ant. sec. 3343.

En reiteradas ocasiones, se ha determinado que la aplicación de la doctrina de cosa juzgada es provechosa y necesaria para la sana administración de la justicia. *P.R. Wire Prod. v. C. Crespo & Assoc.*, supra, a la pág. 151. A través de esta se promueve el interés del Estado en ponerle punto final a los litigios, **de manera que estos no se eternicen** y se otorgue la debida dignidad a las actuaciones de los tribunales. *Pérez v. Bauzá*, 83 DPR 220, 225 (1961).

De otra parte, mediante la referida doctrina se protege a los ciudadanos **de las molestias y vicisitudes que supone litigar dos veces la misma causa de acción o aquellas que pudieron haberse litigado en dicha ocasión**. *Pérez v. Bauzá*, supra; *Parrilla v. Rodríguez*, 163 DPR 263, 268 (2004). De lo anterior podemos colegir que el propósito de cosa juzgada es imprimir finalidad a los dictámenes judiciales, de manera que las resoluciones contenidas en estos concedan certidumbre y certeza a las partes en el litigio. *Parrilla v. Rodríguez*, supra.

Como es sabido, la doctrina de cosa juzgada es una defensa afirmativa y para ser invocada exitosamente, es preciso que entre el caso resuelto por la sentencia y en el caso que se invoca la misma, **concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron**. *Méndez v. Fundación*, supra, a la pág. 267. Es solo cuando se cumplen con estos requisitos que se activa la presunción de *res judicatae*. Ello así, siempre y cuando la sentencia anterior fue emitida por un tribunal competente, con jurisdicción y **dicha decisión advino final y firme.** *Bonafont Solís v. American Eagle*, 143 DPR 374, 383 (1997). No obstante, aun cuando concurran los mencionados requisitos, en ciertas ocasiones se ha declinado la aplicación de la defensa de cosa juzgada para evitar una injusticia o cuando se plantean consideraciones de interés público. *Meléndez v. García*, 158 DPR 77, 92 (2002). Ahora bien, no se favorece la

aplicación liberal de excepciones a la doctrina de cosa juzgada puesto que se puede afectar la finalidad de las controversias adjudicadas, y por ende el buen funcionamiento del sistema judicial. *Parrilla v. Rodríguez*, supra, a la pág. 271.

Por otro lado, se reconoce en nuestro acervo jurídico la figura del impedimento colateral por sentencia como una modalidad de la doctrina de cosa juzgada. *P.R. Wire Prod. v. C. Crespo & Assoc.*, supra, a la pág. 152. El impedimento colateral por sentencia "surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina mediante sentencia válida y final, [y] tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas". *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753, 762 (1981). Es decir, el impedimento colateral por sentencia impide que se litigue, en un litigio posterior, **un hecho esencial que fue adjudicado mediante sentencia final en un litigio anterior**. *P.R. Wire Prod. v. C. Crespo & Assoc.*, supra, a la pág. 152. No obstante, a diferencia de la doctrina de cosa juzgada, la aplicación de la figura de impedimento colateral por sentencia no exige **la identidad de causas**, esto es, que la razón de pedir plasmada en la demanda sea la misma en ambos litigios. *Rodríguez Rodríguez v. Colberg Comas*, 131 DPR 212, 219 (1989).

Sobre la identidad de causas, en *A & P Gen. Contractors, v. Asoc. Caná*, supra, a la pág. 765, el Tribunal Supremo señaló que en el contexto particular de la doctrina de cosa juzgada y de impedimento colateral por sentencia, tal requisito significa **el fundamento capital**, es decir, el origen de las acciones o excepciones planteadas y resueltas. Al igual que la doctrina de cosa juzgada, el propósito de la figura del impedimento colateral por sentencia es promover la economía procesal y judicial y amparar a los ciudadanos del acoso que **necesariamente conlleva litigar en**

**más de una ocasión hechos ya adjudicados**. *P.R. Wire Prod. v. C. Crespo & Assoc.*, supra, a la pág. 152. El impedimento colateral por sentencia se manifiesta en dos modalidades, la defensiva y la ofensiva. *A & P Gen. Contractors v. Asoc. Caná*, supra, a la pág. 758. La modalidad **defensiva le permite al demandado levantar la defensa de impedimento colateral por sentencia, a los fines de impedir la litigación de un asunto levantado y perdido por el demandante de un pleito anterior frente a otra parte**. *Íd.* De otro lado, la modalidad ofensiva es articulada por el demandante en un litigio posterior para impedir que el demandado religue los asuntos ya dilucidados y perdidos frente a otra parte. *Íd.* Como se puede apreciar, el denominador común entre ambas modalidades es que la parte afectada por la interposición del impedimento colateral **ha litigado** *y ha perdido el asunto en el pleito anterior*. *Íd.*; Véase, además, *P.R. Wire Prod. v. C. Crespo & Assoc.*, supra, a la pág. 153.

Como corolario de lo anterior, es inevitable concluir que no procede la interposición de la doctrina de impedimento colateral por sentencia -ya sea en su vertiente ofensiva o defensiva- cuando la parte contra la cual se interpone (1) no ha tenido la oportunidad de litigar previamente el asunto, y (2) no ha resultado ser la parte perdidosa en un litigio anterior. *P.R. Wire Prod. v. C. Crespo & Assoc.*, supra, a la pág. 153.

Por último, destacamos la Regla 39.2(c) de las de Procedimiento Civil, la cual indica que: "A menos que el tribunal lo disponga de otro modo en su orden de desestimación, una desestimación bajo esta Regla 39.2 **y cualquier otra desestimación**, **excepto la que se haya dictado por falta de jurisdicción o <u>por haber omitido acumular una parte indispensable</u>**, **tienen el efecto de una adjudicación en los**

**méritos**".[5] 32 LPRA Ap. V, R. 39.2. De igual manera, una desestimación *con perjuicio* se entenderá que hubo una adjudicación en los méritos, lo que impediría que el demandante pueda presentar nuevamente su reclamo. *Pramco CV6, LLC v. Delgado Cruz y otros*, 184 DPR 453, 461 (2012).

Por lo que, la importancia de conocer el efecto de la desestimación estriba en que, si se considera una adjudicación terminante, no podría volverse a presentar una demanda sobre la misma controversia por ser de aplicación la doctrina de cosa juzgada. *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 265 (2021).[6]

**Moción de desestimación**

Nuestro máximo foro ha expresado que, una moción de desestimación que alegue que la demanda deja de exponer una reclamación que justifique la concesión de un remedio se dirige a los méritos de la controversia. *Montañez v. Hosp. Metropolitano*, 157 DPR 96, 104 (2002). Por tal razón, la desestimación de la causa de acción versará sobre los méritos del caso y no sobre los aspectos procesales que contemplan los demás incisos de la Regla 10.2 de Procedimiento Civil, *Montañez v. Hosp. Metropolitano*, supra, a las págs. 104-105 (cita omitida). En lo pertinente, consignamos que la desestimación de una reclamación es un pronunciamiento judicial que, cuando se entiende como una resolución del caso en los méritos, ha sido caracterizada como "la sanción máxima, la pena de muerte procesal, contra una parte". *VS PR, LLC v. Drift-Wind*, supra, pág. 264.[7]

**La temeridad**

La Regla 44.1 (d) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (d), establece que en un caso ante el Tribunal

---

[5] Énfasis y subrayado nuestro.
[6] Citando a *Díaz Maldonado v. Lacot*, 123 DPR 261, 274-275 (1989).
[7] Citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, a la pág. 250.

de Primera Instancia en que cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta.

El Tribunal Supremo ha definido el concepto de temeridad como aquella conducta que <u>promueve un pleito que se pudo obviar, lo prolonga innecesariamente, o que obliga a una parte a involucrarse en trámites evitables</u>. Dicho de otro modo, se entiende que un litigante actúa con temeridad cuando por su terquedad, obstinación, contumacia e insistencia <u>en una actitud desprovista de fundamentos</u>, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito. *Maderas Tratadas v. Sun Alliance, et al.,* 185 DPR 880, 925-926 (2012). Esta penalidad tiene como propósito <u>disuadir la litigación frívola</u>; así como fomentar las transacciones, a través de sanciones que compensen a la parte victoriosa de los perjuicios económicos y las molestias ocasionadas por la temeridad desplegada por otra parte en el caso. *Íd.,* a la pág. 926.

La evaluación de si ha mediado o no temeridad, **recae sobre la sana discreción del tribunal sentenciador** y solo se intervendrá con ella en casos en que dicho foro haya abusado de tal facultad. Sin embargo, una vez fijada la existencia de temeridad, la imposición del pago de honorarios de abogado es mandatoria. *Íd.* La cuantía se mide en virtud de: (1) el grado de temeridad que ha existido; (2) la naturaleza del procedimiento; (3) los esfuerzos y la actividad profesional que haya tenido que desplegarse; y (4) la habilidad y reputación de los abogados. *Corpak, Art Printing v. Ramallo Brothers,* 125 DPR 724, 738-739 (1990).

**III.**

En esencia, la apelante señaló que erró el TPI al desestimar la demanda aplicando la doctrina de cosa juzgada, mediante una Sentencia Parcial que decretó la falta de parte indispensable, la cual no tiene el efecto de una adjudicación en los méritos. Asimismo, la señora Fort expuso que falló el tribunal al resolver que la única diferencia que encontró entre ambas demandas es que, en la del presente caso, solo se acumuló a un demandado adicional. Así, y sin más análisis, desestimar la causa de acción sobre la responsabilidad de las personas naturales y que hace responsable en su carácter al personal, específicamente, al señor Brito Zubizarreta por las actuaciones de ABZCO y BAE FE, LLC. Esto, aun cuando la demanda claramente contiene alegaciones suficientes imputando la responsabilidad personal de este.

Por último, expuso que actuó incorrectamente el foro primario al imponer y condenar a la apelante al pago de $15,000, en concepto de honorarios de abogado, al determinar que fue temeraria en su proceder.

En el primer error, observamos que en el dictamen apelado el TPI razonó correctamente que, de la lectura de ambas demandas, casos GB2020CV00510 y BY2025CV00280, se incluyen los mismos planteamientos y reclamos, y que en la presente se añade otro codemandado. No obstante, en su raciocinio aplicó incorrectamente la doctrina de cosa juzgada.

Al respecto, enfatizamos que una sentencia de desestimación con perjuicio constituye una adjudicación en los méritos, por lo que cuando adviene final se convierte en cosa juzgada. Como consecuencia, el perjudicado tiene las puertas cerradas para instar casos subsiguientes por los mismos hechos o causas de acción. *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714, 721 (2009). Por su parte, de reconocerse que está ausente una parte indispensable, debe desestimarse la acción. **No obstante, contrario**

**a la desestimación con perjuicio, esta desestimación no tendrá el efecto de una adjudicación en los méritos con efecto de cosa juzgada**. Regla 39.2 (c) de las de Procedimiento Civil, *supra*; *Banco de la Vivienda de P.R. v. Carlo Ortiz*, 130 DPR 730, 737 (1992). *Romero v. S.L.G. Reyes*, 164 DPR 721, 734 (2005).

Por tanto, resulta improcedente utilizar la Sentencia Parcial, dictada en el caso GB2020CV00510, como base para aplicar la doctrina de cosa juzgada, ya que no constituye una adjudicación en los méritos como requiere este principio jurídico.

De otra parte, y respecto al segundo error, el foro primario entendió que, acorde con lo determinado en la Sentencia Parcial dictada en el caso GB2020CV00510, existen determinaciones de hechos **adjudicados** que no pueden ser planteados en la demanda del presente caso y relitigados en el mismo. Las que utilizó para expresar que "Ante la conclusión del Tribunal en la Sentencia Parcial, es inevitable la conclusión de que ABZCO, Brito, Lázaro, Vázquez y PRLP no responden por el alegado incumplimiento de un contrato, pues no son parte de este. Según la Sentencia Parcial, la única obligada a la Dra. Fort en el contrato de compraventa, y que potencialmente le podría responder por algún incumplimiento es BAE FE LLC". Este discernimiento del foro apelado nos mueve a profundizar en la figura del impedimento colateral por sentencia como modalidad de la doctrina de cosa juzgada.

Corolario de lo anterior, resulta menester apuntalar que el Tribunal Supremo en *P.R. Wire Prod. v. C. Crespo & Asoc.*, supra, reiteró lo decretado en *A & P General Contractors, Inc. v. Asociación Caná, Inc.*, 110 DPR 753, 758 (1981), respecto a que el impedimento colateral por sentencia se manifiesta en dos (2) modalidades. **La modalidad defensiva le permite al demandado levantar la defensa de impedimento colateral por sentencia, a los fines de impedir la litigación de un asunto levantado y perdido por el**

**demandante en un pleito anterior frente a otra parte**. En cambio, la modalidad ofensiva es articulada por el demandante en un litigio posterior para impedir que el demandado religue los asuntos ya dilucidados y perdidos frente a otra parte.

Asimismo, nos explica el más alto foro que no procede la interposición de la doctrina de impedimento colateral por sentencia -ya sea en su vertiente ofensiva o defensiva- cuando la parte contra la cual se interpone (1) **no ha tenido la oportunidad de litigar previamente el asunto** y (2) **no ha resultado ser la parte perdidosa en un litigio anterior**. *Íd.*

En atención a la precipitada normativa, es forzoso concluir que, por haber sido desestimada la causa de acción entablada en el caso **GB2020CV00510** por falta de parte indispensable, no cabe extender a este caso la aplicabilidad de la doctrina de impedimento colateral por sentencia en su modalidad defensiva. Esto debido, en primer lugar, a que la señora Fort no tuvo la oportunidad de litigar todos los asuntos, ni menos resultó ser la parte perdidosa en el referido pleito. Así, como hemos explicado, el pleito fue desestimado por falta de parte indispensable lo que por su naturaleza no existe una adjudicación en los méritos de las alegaciones allí esgrimidas.

Así las cosas, no podemos avalar la pretensión de aplicar dicha doctrina sobre las alegadas determinaciones expuestas por el foro primario en esta sentencia desestimatoria. Conforme a lo resuelto en *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007), los hechos expuestos en una sentencia desestimatoria no adjudican controversia alguna en sus méritos, sino que se limitan a establecer las bases de la falta de jurisdicción ante la ausencia de parte indispensable. Ello es así, ya que la falta de parte indispensable incide sobre la jurisdicción del tribunal y, sin jurisdicción, el juzgador solo puede así declararlo y desestimar. De manera que, el foro, está impedido de realizar determinación en los méritos de un

caso en el que no tiene facultad para hacerlas. De así hacerlo, dichas determinaciones, en todo caso, son nulas y; por lo tanto, no le es aplicable la modalidad de impedimento colateral por sentencia.

De acceder a lo planteado por los recurridos, estaríamos presumiendo incorrectamente que el TPI ya adjudicó, incluso, responsabilidad a la parte ausente. Nótese que tendría el efecto de adjudicación sobre los derechos del ausente que dicha acción desestimatoria pretende proteger.

Por último, respecto al tercer error advertimos que el propósito de la imposición de honorarios por temeridad es disuadir la litigación frívola. Sin embargo, notamos que el presente caso se incluye a un demandado adicional, BAE FE, LLC, lo cual motivó la desestimación del anterior. Por lo que, entendemos que la señora Fort, en el presente caso, litiga el mismo conforme a la decisión judicial previa. Es decir, que la recurrente actuó en cumplimiento con el mandato judicial de incluir a la parte ausente en una nueva demanda, por lo que no procede imposición de temeridad.

Por ende, colegimos que surge del trámite procesal del caso, el cual se encuentra en una etapa procesal temprana, que el foro apelado incurrió en un abuso de discreción al concluir que la apelante fue temeraria.

Advertimos que, en numerosas ocasiones nuestra más alta *Curia* ha expresado que el factor determinante y crítico para fijar una suma razonable en honorarios de abogado es el grado o intensidad de la conducta frívola o temeraria.[8] La que, como reseñamos, no está presente en este caso.

**IV.**

Por los fundamentos antes expuesto, revocamos la *Sentencia Parcial* apelada.

---

[8] Véase, *Blás Toledo v. Hosp. Guadalupe*, 146 DPR 267, 336 (1998); *Corpak, Art. Printing v. Ramallo Brothers*, 125 DPR 724, 738 (1990).

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La juez Lebrón Nieves concurre con el resultado sin voto escrito.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones