ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| REY O. ARROYO BELÉN<br>Parte Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br>Parte Recurrida | TA2025RA00359 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: B-1078-25<br><br>Sobre: Remedio administrativo |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 2 de diciembre de 2025.

Comparece por derecho propio el confinado Rey O. Arroyo Belén (en adelante señor Arroyo Belén o el recurrente) mediante un recurso de revisión administrativa presentado el 10 de noviembre de 2025. En su escrito, el Sr. Arroyo Belén solicita que se le ordene al Departamento de Corrección y Rehabilitación (en adelante DCR) que lo recompense por la suma de $500.00 por las pertenencias que fueron retenidas por la Institución carcelario cuando este fue ingresado y se extraviaron.

En igual fecha, el Sr. Rey Arroyo Belén presentó una solicitud para litigar en forma *pauperis*, la cual declaramos Con Lugar.

I.

El 23 de mayo de 2025, el recurrente presentó ante el Tribunal de Apelaciones una Revisión Administrativa sobre la Querella B-05-25 y le fue asignado por la Secretaria de este tribunal el alfanumérico KLRA202500303. En su recurso, solicitó se revisara una Resolución emitida el 28 de marzo de 2025 por la Coordinadora Regional de la División de Remedios Administrativos del DCR mediante la cual desestimó una solicitud de

remedios administrativo. En su solicitud de remedios administrativos, el Sr. Arroyo Belén requería la devolución de documentos legales y artículos personales que le retuvo la Institución carcelario al momento de su ingreso. El 20 de junio de 2025, notificada el 24 de junio de 2025, un panel hermano de este tribunal emitió Sentencia en la que se revocó la Resolución dictada el 28 de marzo de 2025 y se devolvió el caso a la agencia para le concedan el debido trámite a la solicitud de Remedios Administrativos, relacionada a la devolución de las alegadas pertenencias retenidas.

Posteriormente, el 4 de julio de 2025, la parte recurrente presenta una *Solicitud de Remedio Administrativo* y le fue asignado el número B-1078-25. En esta, el señor Arroyo Belén solicita que se dé cumplimiento a lo resuelto por el Tribunal de Apelaciones. Según el expediente ante nuestra consideración, se entiende que este acompañó copia de la Sentencia junto a su solicitud. En atención a su solicitud, el 18 de julio de 2025 fue emitida la respuesta a su solicitud, la cual fue recibida por este el 1 de agosto de 2025.

Inconforme con la contestación, el 20 de agosto de 2025 el recurrente presenta una Solicitud de Reconsideración y reitera que se cumpla con resuelto por el Tribunal de Apelaciones, además solicita la entrega de sus pertenencias. Dicha solicitud fue acogida el 5 de septiembre de 2025 mediante Respuesta de Reconsideración. El recurrente alude en su escrito que el 22 de septiembre de 2025, el Teniente Colón y el Oficial Ríos de la Oficina de Admisiones le indicaron que sus pertenencias fueron extraviadas. Ante ello, el recurrente solicita una compensación de $500.00 por los artículos personales extraviados.

Así las cosas, el recurrente comparece ante nos el 10 de noviembre de 2025 y solicita que la agencia le devuelva sus artículos personales o en su defecto una compensación económica de $500.00 por las pertenencias extraviadas.

Por los fundamentos que expondremos a continuación, se desestima el recurso instado por la parte recurrente.

II

**Jurisdicción**

Es sabido, que la jurisdicción es conocida como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384, 394 (2022). Es principio reiterado que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *R&B Power, Inc. v. Junta de Subastas ASG, supra,* pág. 698; *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018). Por tanto, es deber del foro primario y apelativo el de analizar en todo caso si poseen jurisdicción para atender las controversias presentadas. *Mun. San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). Así pues, si un tribunal carece de jurisdicción, lo procedente es la desestimación del caso sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas ASG, supra,* pág. 698; *Mun. San Sebastián v. QMC Telecom, supra.*

Por otro lado, en nuestro ordenamiento procesal, un recurso prematuro es uno que se ha presentado con relación a una determinación que está pendiente ante la consideración del tribunal apelado, o sea, que aún no ha sido resuelta. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Por tanto, un recurso prematuro carece de eficacia y no produce efectos jurídicos. *Torres Martínez v. Torres Ghigliotty supra*, págs. 97-98.

Es norma reiterada en nuestro ordenamiento jurídico que un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción. *Yumac Home v. Empresas Massó, supra.* Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en

el momento de su presentación el foro apelativo adolece de autoridad judicial para acogerlo. *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007); *Julia et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 367 (2001); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000); *Pueblo v. Santana Rodríguez,* 148 DPR 400, 402 (1999).

**Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico**

La Sección 4.7 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico", (en adelante LPAU) Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 L.P.R.A. sec. 9677, dispone:

> Cualquier parte adversamente afectada por la resolución del Tribunal de Apelaciones podrá solicitar la revisión de la misma mediante la presentación de recurso de Certiorari ante el Tribunal Supremo en el término jurisdiccional de treinta (30) días desde el archivo en autos de la notificación de la sentencia del Tribunal de Apelaciones o de la resolución de éste resolviendo una moción de reconsideración debidamente presentada. Si la fecha de archivo en autos de copia de la notificación de la sentencia o resolución es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

Una determinación se convertirá en final y firme cuando hayan transcurrido los términos correspondientes para su revisión. *Miranda Corrada v. Departamento de Desarrollo Económico y Comercio y otros*, 211 DPR 738, 739 (2023). A esos efectos, la Sección 3.15 de la LPAU, 3 L.P.R.A. sec. 9655 dispone que la parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho

término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.

### Doctrina de cosa juzgada

La doctrina de cosa juzgada se refiere a "lo ya resuelto por fallo firme de un Juez o Tribunal competente, y lleva en sí la firmeza de su irrevocabilidad." *Landrau Cabezudo et al. v. Puertos et al.*, 2025 TSPR 7, 215 DPR ___, (2025), citando a *Parrilla v. Rodríguez*, 163 DPR 263, 268 (2004), que a su vez cita a J.M. Manresa, *Comentarios al Código Civil Español*, 6ta ed. Rev., Madrid Ed. Reus, 1967, T.VIII, Vol. 2, pág. 278. Tiene como propósito darles certidumbre y certeza a las partes en el litigio al impartirle finalidad a los dictámenes judiciales. *Landrau Cabezudo et al. v. Puertos et al.*, *supra*; *PR Wire Prod. v. C. Crespo & Asoc.*, 175 DPR 139, 151 (2008).

El Artículo 1204 del Código Civil de Puerto Rico de 1930, hoy derogado, 31 LPRA ant. sec. 3343, disponía que para que opere la doctrina de cosa juzgada "[e]s necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron." Aunque el Código Civil de Puerto Rico de 2020, 31 LPRA sec. 5311 *et seq.*, no recoge expresamente la doctrina de cosa juzgada, esta sigue operando en nuestro ordenamiento jurídico.

El efecto de que se configure la doctrina es que la sentencia decretada en un pleito anterior impide que, en un pleito posterior, entre las mismas partes, se litiguen las mismas causas de acción y cosas, las cuestiones ya litigadas y adjudicadas. *Landrau Cabezudo et al. v. Puertos et al.*, *supra*. Por ello, el Tribunal Supremo ha resuelto que esta "no debe aplicarse inflexiblemente, especialmente cuando al hacerlo se desvirtúan los fines de la justicia, produce resultados absurdos o cuando se plantean consideraciones de interés público." *Id.*, citando a *Meléndez v. García*, 158 DPR 77, 92 (2002).

A su vez, en nuestro ordenamiento jurídico se ha reconocido el impedimento colateral por sentencia como una modalidad de la doctrina de cosa juzgada. *Presidential v. Transcaribe*, 186 DPR 263, 276 (2012). Su propósito es promover la economía procesal y judicial. *Id.* Distinto a la doctrina de cosa juzgada, en el impedimento colateral por sentencia no es necesario que se configure la identidad de causas. *Id.*, págs. 276-277. Así, el impedimento colateral por sentencia se configura cuando: (1) se adjudicó un asunto, (2) en una sentencia previa, (3) luego de haberse litigado, (4) entre las mismas partes **y (5) el hecho adjudicado es esencial para un segundo pleito.** *Landrau Cabezudo et al. v. Puertos et al.*, *supra*, citando a *Rodríguez Ocasio v. ACAA*, 197 DPR 852, 862-863 (2017) (Sentencia). (Énfasis nuestro).

De igual forma, el efecto de la doctrina bajo esta modalidad es que impide que, en un pleito posterior, se litigue un hecho esencial que fue adjudicado mediante sentencia final en un litigio previo. *PR Wire Prod. v. C. Crespo & Asoc.*, *supra*, pág. 152. No obstante, no procede su aplicación cuando la parte contra la cual se interpone no ha tenido la oportunidad de litigar previamente el asunto y no ha resultado ser la parte perdidosa en el litigio anterior. *Presidential v. Transcaribe*, *supra*, pág. 277; *Beníquez et al. v. Vargas et al.*, 184 DPR 210, 226 (2012); *PR Wire Prod. v. C. Crespo & Asoc.*, *supra*, pág. 153.

Por otra parte, en *Pagán Hernández v. UPR*, 107 DPR 720, 733-735 (1978), el Tribunal Supremo reconoció la aplicación de la doctrina de cosa juzgada en el ámbito administrativo en tres posibles vertientes: 1) dentro de la misma agencia; 2) interagencialmente, es decir, de una agencia a otra, y 3) entre las agencias y los tribunales. *Id.*, pág. 733. Asimismo, nuestro Máximo Foro ha resuelto que la aplicación de la doctrina no es automática y que cuando la naturaleza de lo planteado en el foro administrativo es distinta a lo que se plantea en el foro judicial, lo razonable es no aplicarla. *Pérez Droz v. ASR*, 184 DPR 313, 319-320 (2012)(SENTENCIA); *Acevedo v. Western Digital*

*Caribe, Inc.,* 140 DPR 452, 465-466 (1996); *Pagán Hernández v. UPR, supra,* pág. 735.

### III

Surge del recurso ante nuestra consideración, que el recurrente presentó el 18 de julio de 2025 una Solicitud de Remedios Administrativo, número B-1078-25 solicitando que se cumpliera con la Sentencia del Tribunal de Apelaciones emitida en el caso KLRA202500303. Como expresamos anteriormente, mediante dicha Sentencia se le ordenó a la agencia tramitar la solicitud de remedios administrativo número B-05-25, en la cual el recurrente solicita la devolución de unas pertenencias. En esa misma fecha, y notificado el 1 de agosto de 2025 a la parte recurrente, la agencia respondió que la solicitud se trabajaría según los reglamentos del DCR y se determinará junto al Superintendente la procedencia de la solicitud teniendo en cuanto lo establecido por Bomberos y reglamentos internos de la agencia. Inconforme, el 20 de agosto de 2025 el recurrente instó una Solicitud de Reconsideración en donde reitera su solicitud de que se cumpla lo dispuesto por el foro apelativo y se le devuelvan sus pertenencias. La solicitud de reconsideración fue acogida el 5 de septiembre de 2025. Una vez acogida la solicitud de reconsideración, la agencia tiene 90 días para tomar una acción antes de perder jurisdicción y comenzar los términos que tiene la parte afectada para presentar un recurso de revisión administrativa ante este foro. El término de 90 días que ostenta la agencia para disponer de la solicitud de reconsideración vence el 4 de diciembre de 2025. En su consecuencia, el recurso de revisión presentado por el recurrente el 10 de noviembre de 2025 resulta prematuro y por ende, este foro carece de jurisdicción.

### IV

Por los fundamentos que anteceden, se *desestima* el *Recurso de Revisión de Decisión Administrativa.*

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones